## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY COLEMAN AND**<br>**AVA COLEMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2537** |
| **SEARS HOME IMPROVEMENT**<br>**PRODUCTS INC.** | **SECTION: "G"(5)** |

## ORDER

In this litigation, Plaintiffs Anthony Coleman and Ava Coleman ("Plaintiffs") allege that Defendant Sears Home Improvement Products, Inc. ("SHIP") failed to ensure that Plaintiffs' roof was properly installed pursuant to their contract and in accordance with applicable building codes and manufacturer specifications.[1] Plaintiffs bring this action individually and as a class action on behalf of all customers of SHIP nationwide who contracted with SHIP to replace their current roof with a 3-tab shingle roof between January 2006 and January 2016.[2] Currently pending before the Court is SHIP's "Motion to Strike Class Allegations."[3] On March 20, 2017, this Court granted Plaintiffs' unopposed motion to withdraw their opposition to the instant motion.[4] Accordingly, the instant motion is unopposed. This Court has authority to grant a motion as unopposed, although it

---

[1] *See* Rec. Doc. 35 at 2–3.

[2] *Id.* at 2, 8.

[3] Rec. Doc. 54.

[4] Rec. Doc. 201.

is not required to do so.[5] Having considered the motion, the record, the memoranda in support, and the applicable law, the Court will grant the motion.

Also pending before the Court are Plaintiffs' "Motion to Certify Class Action"[6] and Plaintiffs' "Motion to Withdraw Motion to Certify Class and All Claims Related to the Proposed Class Action."[7] Having determined that SHIP's motion to strike Plaintiffs' class allegations should be granted, the Court will deny these motions as moot.

## I. Background

### A.   *Factual Background*

Plaintiffs state that on November 24, 2010, they entered into a contract with SHIP for the installation of an "Owens-Corning 3-tab 25-year shingle roof" on their home.[8] SHIP then hired an independent contractor, Third-Party Defendant Magnolia Roofing & Exteriors, Inc. ("Magnolia"), to perform the installation.[9] SHIP also entered into an agreement with Third-Party Defendant Crawford & Company, D/B/A Strategic Warranty Services ("Crawford") as an independent contractor to perform inspections of roof installations performed by other independent contractors such as Magnolia.[10]

In their complaint, Plaintiffs allege that their roof installation began in December 2011, but that it was never completed or properly installed pursuant to applicable building codes and

---

[5] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[6] Rec. Doc. 32.

[7] Rec. Doc. 134.

[8] Rec. Doc. 35 at 2–3.

[9] *See id.*; Rec. Doc. 68 at 3.

[10] Rec. Doc. 68 at 3.

manufacturer's specifications.[11] For example, Plaintiffs assert that four nails per shingle were used instead of the required six nails per shingle, and the nails were improperly placed on the shingles.[12] Plaintiffs argue that SHIP breached several duties of care and acted negligently and/or fraudulently by, *inter alia*, allowing a "substandard subcontractor" to install Plaintiffs' roof.[13] Plaintiffs bring this action individually and as a class action on behalf of all customers of SHIP nationwide who contracted with SHIP to install a 3-tab shingle roof between January 2006 and January 2016.[14]

**B.    *Procedural History***

Plaintiffs filed a petition in Louisiana state court on March 1, 2016.[15] On March 29, 2016, SHIP removed the case to this Court pursuant to the Class Action Fairness Act.[16] On July 1, 2016, Plaintiffs filed a second amended complaint.[17] With leave of Court, SHIP filed a third-party complaint against Crawford and Magnolia on August 10, 2016.[18]

Pursuant to Local Rule 23.1, within 91 days after a notice of removal of a class action from state court is filed, the plaintiff must move for class certification, unless this period is extended for good cause by the Court. On June 28, 2016, Plaintiffs requested a 90 day extension of time to file a motion to certify a class action.[19] On June 30, 2016, while Plaintiffs' motion for an extension of

---

[11] Rec. Doc. 35 at 2.

[12] *Id.* at 5.

[13] *Id.* at 2–3.

[14] *Id.* at 2, 8.

[15] *See id.*

[16] Rec. Doc. 1.

[17] Rec. Doc. 35.

[18] Rec. Doc. 68.

[19] Rec. Doc. 28.

time was still pending, Plaintiffs filed a motion to certify a class action "out of an abundance of caution."[20] On July 8, 2016, the Court granted Plaintiffs' motion for a 90 day extension to file a motion to certify a class action.[21] However, Plaintiffs' original motion to certify remains pending.[22] On October 25, 2016, Plaintiffs requested another 90 day extension of time to file a motion for class certification.[23] On October 28, 2016, the Court found that Plaintiffs had only presented good cause for a more limited extension of time, and granted Plaintiffs an additional 60 days, or until December 23, 2016, to file a motion to certify a class action.[24]

Plaintiffs did not file a new motion to certify the class action. Rather, on December 27, 2016, Plaintiffs filed a motion for leave to file a third amended complaint that did not include class allegations, which was referred to the Magistrate Judge.[25] On January 10, 2017, both SHIP and Magnolia filed oppositions to Plaintiffs' motion for leave to file a third amended complaint.[26] SHIP and Magnolia averred that, while both believed that Plaintiffs' class allegations are without merit and should be dismissed by the Court, Plaintiffs' request to voluntarily "amend out" their class allegations was improper.[27] On January 18, 2017, the Magistrate Judge denied without prejudice Plaintiffs' motion for leave to file a third amended complaint "in light of the class-related motions

---

[20] Rec. Doc. 32.

[21] Rec. Doc. 39.

[22] Rec. Doc. 32.

[23] Rec. Doc. 104.

[24] Rec. Doc. 110.

[25] Rec. Doc. 119.

[26] Rec. Docs. 123, 124.

[27] *See* Rec. Doc. 123 at 1–2; Rec. Doc. 124 at 1.

pending before the District Judge."[28] Thereafter, Plaintiffs filed a motion to withdraw their opposition to SHIP's instant motion to strike class allegations[29] and a motion to withdraw their motion to certify a class action.[30]

On August 1, 2016, SHIP filed the instant motion to strike the class allegations.[31] On August 9, 2016, Plaintiffs filed an opposition.[32] With leave of Court, SHIP filed a reply on August 16, 2016.[33] On January 27, 2017, Plaintiffs filed a motion to withdraw their opposition to the motion to strike class allegations.[34] On March 20, 2017, the Court granted Plaintiff's motion to withdraw their opposition.[35] Accordingly, the motion to strike is deemed unopposed.

## II. Defendants' Arguments

### A.   *SHIP's Arguments in Support of the Motion*

In its motion, SHIP argues that Plaintiff's class allegations fail on the face of their pleadings and should be stricken pursuant to Federal Rule of Civil Procedure 12(f).[36] SHIP avers that the "shotgun" nature of Plaintiffs' pleadings render it impossible for the Court to certify Plaintiffs' proposed class.[37] For example, SHIP states that Plaintiffs do not cite to any local building codes

---

[28] Rec. Doc. 130.

[29] Rec. Doc. 133.

[30] Rec. Doc. 134.

[31] Rec. Doc. 54.

[32] Rec. Doc. 66.

[33] Rec. Doc. 74.

[34] Rec. Doc. 133.

[35] Rec. Doc. 201.

[36] Rec. Doc. 54-1 at 1.

[37] *Id.* at 1–2.

or manufacturer's instructions that Plaintiffs allege require the use of six nails per shingle in coastal wind zones rather than four nails per shingle.[38]

According to SHIP, Plaintiffs must seek to certify a class under Rule 23 of the Federal Rules of Civil Procedure and demonstrate that the class satisfies the standard class certification requirements: numerosity, commonality, typicality, and adequacy of representation.[39] Here, however, SHIP points out that Plaintiffs' complaint seeks to certify a class under Louisiana Code of Civil Procedure article 591, which governs class actions in Louisiana state court, and Rule 23 is never cited.[40] SHIP contends that Plaintiffs failed to state which category under Rule 23(b) authorizes its class action to be certified.[41] SHIP avers that Plaintiffs' vague class allegations fail to satisfy either pleadings requirements of Rule 8 or Rule 10(b) of the Federal Rules of Civil Procedure, and that further discovery is unwarranted.[42]

SHIP further asserts that a nationwide class fails to satisfy Rule 23(b)(3)'s "predominance" and "manageability" requirements, as due process and Louisiana's choice of law rules require the application of each jurisdiction's different laws.[43] However, SHIP points out that Plaintiffs only assert Louisiana state law claims in their complaint.[44] For example, SHIP avers that Plaintiffs' claim of negligence would require the application of the negligence laws of all 50 states and the

---

[38] *Id.* at 2–3.

[39] *Id.* at 5.

[40] *Id.*

[41] *Id.* at 5–6.

[42] *Id.* at 7.

[43] *Id.* at 8–9 (citing *Cole v. General Motors Corp.*, 484 F.3d 717, 724 (5th Cir. 2007); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996)).

[44] *Id.*

District of Columbia.[45] SHIP argues that Plaintiffs' proposed national class asserting negligence claims would require the Court to apply differing laws on contributory negligence versus comparative negligence and different rules on whether Plaintiffs' claim for economic loss resulting from a contract is recoverable in a tort action.[46]

Moreover, SHIP contends that Plaintiffs cannot establish that their claims are typical to the rest of the class.[47] SHIP avers that the factual and legal differences among class members also preclude a finding of "adequacy" as required by Rule 23(a)(4).[48] SHIP alleges that Plaintiffs have also only pled emotional injuries from the knowledge of an allegedly defective roof installation, and thus they cannot provide a common question of fact that is "typical" and "predominates" among the class.[49] According to SHIP, the Fifth Circuit has held that claims for emotional damages, which are based on the subjective differences of each plaintiff's circumstances, weigh against a finding of "predominance."[50] Additionally, SHIP asserts that the proposed class is fatally overbroad, as it contains individuals who have not suffered injury caused by SHIP and is not limited to those customers who have allegedly defective roof installations.[51] Likewise, SHIP argues, Plaintiffs' claim is that their roof was defective because they are based in a coastal wind

---

[45] *Id.* at 10.

[46] *Id.* at 11.

[47] *Id.* at 12.

[48] *Id.*

[49] *Id.* at 13–14.

[50] *Id.* at 15 (quoting *Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 602 (5th Cir. 2006)).

[51] *Id.* at 16.

zone, but the proposed class has no such limitation.[52] Because no amount of discovery can cure these defects, SHIP asserts, Plaintiffs' class allegations should be stricken.[53]

## B.    SHIP's Arguments in Further Support of the Motion

In its reply memorandum,[54] SHIP contends that Rule 12(f) is the appropriate mechanism for striking class allegations on any of the five reasons SHIP asserted in its motion.[55] SHIP also argues that Rule 23(d)(1)(D) permits courts to require pleadings "be amended to eliminate" class allegations.[56] SHIP asserts that if Plaintiffs are bringing "claims in contract, deficient construction, redhibition, and breach of warranty" in addition to a negligence claim, then it only makes it harder to satisfy the "predominance" and "manageability" requirements of Rule 23(b)(3).[57]

## III. Law and Analysis

### A.    Legal Standard

Rule 23 of the Federal Rules of Civil Procedure governs class actions in federal court.[58] To obtain class certification, a plaintiff must demonstrate that: (1) each of the four threshold

---

[52] *Id.* at 17–18.

[53] *Id.* at 18.

[54] As stated *supra*, Plaintiffs originally filed an opposition to the instant motion. *See* Rec. Doc. 66. However, Plaintiffs subsequently requested to withdraw their opposition and allow the motion to strike the class allegations to proceed unopposed. *See* Rec. Doc. 133.

[55] Rec. Doc. 74 at 1–2.

[56] *Id.* at 2.

[57] *Id.* at 4.

[58] *See Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996); *see generally Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 296 (5th Cir. 2016) ("A federal court entertaining state law claims cannot apply a state law or rule if (1) the state law or rule 'direct[ly] colli[des]' with a Federal Rule of Civil Procedure and (2) the Federal Rule 'represents a valid exercise of Congress' rulemaking authority.'" (citations omitted)); *Piambino v. Bailey*, 610 F.2d 1306, 1331 (5th Cir. 1980) ("Rule 23(d) is a rule of procedure and it creates neither a right nor a remedy enforceable in a federal court of equity.").

requirements under Rule 23(a) are satisfied; and (2) the proposed action is maintainable under one of the three types of class actions provided for by Rule 23(b)(1), (2), or (3).[59] The burden of proof to show that all of Rule 23's requirements are met lies with the party seeking to certify a class.[60] Pursuant to Rule 23(a), all class actions must satisfy the following prerequisites: (1) numerosity ("the class is so numerous that joinder of all members is impracticable"); (2) commonality ("there are questions of law or fact common to the class"); (3) typicality (the representative parties' claims or defenses "are typical of the claims or defenses of the class"); and (4) adequacy of representation (the representatives "will fairly and adequately protect the interests of the class").[61]

Once Rule 23(a)'s prerequisites have been satisfied, parties seeking class certification must also show pursuant to Rule 23(b) that: (1) separate actions by or against individual class members would risk "inconsistent or varying adjudications for individual class members" or that "adjudications with respect to individual class members . . . would be dispositive of the interests of the other members . . . or would substantially impair or impede their ability to protect their interests;" (2) "the party opposing the class has acted or refused to act on grounds that apply generally to the class;" or (3) "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[62] According to the Fifth Circuit, for class actions seeking money damages, the plaintiff must establish Rule 23(b)(3)'s

---

[59] *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997); *Becnel v. Mercedes-Benz USA, LLC*, No. 14-0003, 2014 WL 2506506, at *2 (E.D. La. June 3, 2014) (Barbier, J.).

[60] *See Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005); *Ziedman v. Ray McDermott & Co.,* 651 F.2d 1030, 1038 (5th Cir. 1981).

[61] Fed. R. Civ. P. 23(a); *Amchem Prod., Inc.*, 521 U.S. at 613.

[62] Fed. R. Civ. P. 23(b); *Amchem Prod., Inc.*, 521 U.S. at 613; *Becnel*, 2014 WL 2506506, at *2.

requirements of predominance and superiority.[63]   District courts are required to conduct a "rigorous analysis" of Rule 23's prerequisites and take a "close look" at the claims and evidence when making a Rule 23 determination.[64]

Rule 23(c)(1)(A)  states that, "[a]t an early practicable time after a person sues or is sued as a class representative," the Court must determine whether to certify the action as a class action. When conducting a class action under Rule 23, Rule 23(d)(1)(D) provides that the Court may issue orders requiring that "the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."

Furthermore, pursuant to Local Civil Rule 23.1, a complaint alleging a class action must refer to the portions of Rule 23 "under which it is claimed that the suit is properly maintainable as a class action."[65] The complaint must also put forth "allegations thought to justify the maintenance of the claim as a class action, including . . . (a) the size and definition of the alleged class [and] (b) the basis upon which the plaintiff claims . . . to be an adequate representative of the class."[66] "Within 91 days after filing of a complaint in a class action or filing of a notice of removal of the class action from state court, whichever is later, plaintiff must move for class certification under [Federal Rule of Civil Procedure] 23(c)(1), unless this period is extended upon motion for good cause and order by the court."[67]

---

[63] *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005).

[64] *Gen'l Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982); *Unger*, 401 F.3d at 320.

[65] L.R. 23.1(A)(1).

[66] L.R. 23.1(A)(2).

[67] L.R. 23.1(B).

**B.**     *Analysis*

In its motion, SHIP argues that Plaintiffs' class allegations should be stricken from their complaint because Plaintiffs failed to cite to Rule 23 or satisfy any of the requirements of either Rule 23(a) or Rule 23(b).[68] SHIP asserts that a court may strike class allegations from the pleadings pursuant to either Rule 23(d)(1)(D) or Rule 12(f).[69] Rule 23(d)(1)(D) permits a court to enter an order "that the pleadings be amended to eliminate allegations about representation of absent persons." Relatedly, Federal Rule of Civil Procedure 23(c)(1)(A) directs judges to consider class certification "[a]t an early practicable time after a person sues or is sued as a class representative." The Fifth Circuit has held that district courts have "an independent obligation to decide whether an action was properly brought as a class action, even where neither party moves for a ruling on class certification."[70] Thus, according to the Fifth Circuit, "[w]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."[71] Moreover, a multitude of other courts have found that striking class allegations from a complaint pursuant to Rule 23(d)(1)(D), or its predecessor Rule 23(d)(4), is proper.[72]

---

[68] Rec. Docs. 54-1, 74.

[69] *See* Rec. Doc. 54-1 at 4.

[70] *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir. 1981) (*Gore v. Turner*, 563 F.2d 159, 165 (5th Cir. 1977); *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 50 (5th Cir. 1974)).

[71] *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007).

[72] *See, e.g.*, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 184 n.6 (1974) ("Under Rule 23(d)(4), the District Court may in some instances require that pleadings be amended to eliminate class allegations . . . this provision is to be applied only when a suit must proceed as a nonclass, individual action"); *Dallas Cty., Tex. v. MERSCORP, Inc.*, No. 11-02733, 2012 WL 6208385, at *3 (N.D. Tex. Dec. 13, 2012) ("Several federal courts have entertained Rule 23(d) motions to strike after a Rule 12 motion to dismiss has been filed.") (citations omitted); *Nguyen v. St. Paul Travelers Ins. Co.*, No. 06-4130, 2009 WL 23677, at *2 (E.D. La. Jan. 5, 2009) (Vance, J.) ("Although styled a 'motion to strike,' defendant's motion was properly considered under rule 23(d)(1)(D), and not rule 12(f)."); *Markey v. Louisiana Citizens Fair Plan*, No. 06-5473, 2008 WL 5427708, at *1 (E.D. La. Dec. 30, 2008) (Vance, J.) ("Defendant seeks to strike plaintiffs' class allegations because plaintiffs have not met the requirements of Rule 23. Rule 23(d)(1)(D) allows them to do so."); *Aguilar v. Allstate Fire & Cas. Ins. Co.*, No. 06-4660, 2007 WL 734809, at *2

Accordingly, the Court will proceed to consider SHIP's unopposed motion to strike Plaintiffs' class allegations pursuant to Rule 23.[73]  Because the Court finds that a motion to strike class allegations is proper under Rule 23(d)(1)(D), the Court will not address whether class allegations may be stricken from a complaint pursuant to Rule 12(f).

The Court first notes that, in Plaintiffs' second amended complaint filed in this Court, Plaintiffs alleged that they seek to certify a class action pursuant to Louisiana Code of Civil Procedure, articles 591 *et seq.*[74] However, pursuant to Local Rule 23.1(A)(1), a complaint seeking to assert a class action must refer to the portions of Federal Rule of Civil Procedure 23 under which Plaintiffs claim that the suit is properly maintainable as a class action. Plaintiffs failed to do so here, despite having filed a second amended complaint in this Court.

Additionally, according to the complaint, Plaintiffs sought to maintain a nationwide class of "[a]ll customers of [SHIP] in the United States who contracted with SHIP to replace their current roof with an Owens-Corning Supreme 3-tab shingle roof between the dates of January, 2006 through and including January, 2016."[75] Plaintiffs contended that the issues of fact and questions of law in this case are common to all potential members of the class and predominate over any

---

(E.D. La. Mar. 6, 2007) (Feldman, J.) ("A court may strike class allegations under Rule 23(d)(4) where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate."). *See also Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009) ("[W]e conclude that Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny certification."); *Cook Cty. Coll. Teachers Union, Local 1600, Am. Fed'n of Teachers, AFL-CIO v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972) ("One opposing a class action may move for an order determining that the action may not be maintained as a class suit.") (citing 3B J. Moore, Federal Practice ¶23.50, at 23-1102 (2d ed. 1969)).

[73] *See generally Johnson v. Georgia Highway Exp., Inc.*, 417 F.2d 1122, 1125 (5th Cir. 1969) (Godbold, J., concurring) ("The burden of telling the District Court enough that it can intelligibly proceed is on the complaining party in the first instance, not upon the court to do so by conducting hearings on adequacy of representation, or upon the defendant to flush out the claims by discovery.")

[74] Rec. Doc. 35 at 8.

[75] *Id.*

other questions affecting individual members.[76] For example, Plaintiffs aver that there are 22 common issues of fact and questions of law, including: (1) whether SHIP negligently hired the contractors and subcontractors that negligently and deficiently installed and inspected the class members' roofs; (2) whether SHIP instructed inspectors to look for four nails per shingle when the manufacturer required six nails per shingle "for the applicable wind zones in the United States;" (3) whether SHIP required its inspectors to ensure that "special wind resistant ridge caps were used in wind zones to comply with local building codes;" and (4) whether SHIP negligently hired contractors and subcontractors who were not licensed or certified to install roofs.[77]

However, each of these questions of law and issues of fact demonstrate that Plaintiffs' proposed class action is fatally flawed and fails to satisfy the requirements of either Rule 23(a) or Rule 23(b). First, Plaintiffs' class is not limited to either customers in coast wind zones or customers whose roofs were improperly installed or inspected, but rather includes every customer of SHIP throughout the United States regardless of the type of deficiencies in the roof installation and/or inspection they suffered, if any. Relatedly, Plaintiffs have made no effort to allege that the negligence laws of the 50 states and the District of Columbia or the unidentified local building codes in every jurisdiction across the United States are common enough amongst the proposed nationwide class to satisfy either Rule 23(a)'s commonality requirement or Rule 23(b)(3)'s predominance and superiority requirements.[78]

---

[76] *Id.* at 9–10.

[77] *Id.* at 10.

[78] *See, e.g.*, *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011) (holding that the plaintiffs failed to demonstrate predominance when different state laws would govern the class members' claims).

As the Fifth Circuit has made clear, "[i]n a multi-state class action, variations in state law may swamp any common issues and defeat predominance."[79] While the test for commonality is not demanding,[80] Plaintiffs have failed to show commonality exists. In particular, the Court notes that the proposed class would include members who do not live in coastal wind zones, members who have experienced different problems with SHIP's roofs than Plaintiffs did, and even members whose roofs were not deficient at all. Moreover, while Plaintiffs failed to specify which category of Rule 23(b) they bring their class action under, the Fifth Circuit has held that class actions seeking money damages must establish Rule 23(b)(3)'s more demanding requirements of predominance and superiority; Plaintiffs have not done so here.[81] As the Supreme Court held in *Amchem Products, Inc.*, common issues do not predominate when there are significant factual differences in the class members' injuries and damages and the class members reside in a variety of states requiring the application of different legal standards.[82] Thus, the Court finds that the Plaintiffs' complaint fails to adequately allege that the questions of law or fact are common to the entire proposed class, or that Rule 23(b)(3)'s requirements of predominance or superiority are met.[83]

---

[79] *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996); *see also Becnel v. Mercedes-Benz USA, LLC*, No. 14-0003, 2014 WL 2506506, at *2 (E.D. La. June 3, 2014) (Barbier, J.) (finding that the application of the laws from fifty-one different jurisdictions would create "serious manageability issues" that "far outweigh any benefit that a class action would create.").

[80] *See James v. City of Dallas, Tex.*, 254 F.3d 551, 570 (5th Cir. 2001) (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999)). *But see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (discussing that the commonality requirement is "easy to misread, since '[a]ny competently crafted class complaint literally raises common questions," and concluding that commonality requires more than basic factual similarities between the class members).

[81] *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005).

[82] *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 613 (1997); *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 626 (5th Cir. 1999).

[83] *See* Fed. R. Civ. P. 23(a); *Amchem Products, Inc.,* 521 U.S. at 613.

Second, Plaintiffs allege that each of the members of the class sustained the same twelve types of damages as Plaintiffs, including: (1) an immediate need for a new roof; (2) the costs of repair of damages to the interior of homes caused by leaks; and (3) past, present, and future mental and emotion suffering and anguish.[84] However, Plaintiffs' proposed class is not limited to members who suffered these same damages or damages generally. In fact, Plaintiffs do not allege in their complaint that they even suffered any damage caused by leaks in the defective roofs themselves. Accordingly, Plaintiffs have failed to sufficiently allege that their claims are typical of the class.[85]

Third, the Court notes that, while Plaintiffs filed a motion to certify a class action within 91 days of the removal of this case to federal court, Plaintiffs did so only "out of an abundance of caution" and in conjunction with their request for additional time to conduct discovery relevant to certification.[86] However, despite receiving 150 additional days to file a new motion,[87] Plaintiffs failed to file a new motion to certify a class action. Instead, Plaintiffs moved to amend the class allegations out of their complaint, which the magistrate judge denied,[88] and then filed a motion to withdraw their precautionary motion to file a class action and withdraw their opposition to the instant motion.[89] The Fifth Circuit has previously upheld a district court's decision to deny class certification *sua sponte* and without an evidentiary hearing when the named plaintiffs failed to protect the interests of the class members and the plaintiffs' attorney displayed a "lack of

---

[84] Rec. Doc. 35 at 13.

[85] *See* Fed. R. Civ. P. 23(a); *Amchem Products, Inc.,* 521 U.S. at 613.

[86] Rec. Doc. 32.

[87] Rec. Docs. 39, 110.

[88] Rec. Doc. 130.

[89] Rec. Docs. 133, 134.

competency" in preparing the case on behalf of the class.[90] Moreover, Plaintiffs' conduct demonstrates that there are significant differences between Plaintiffs' interests and the broad range of class members' interests such that Plaintiffs are inadequate representatives of the class.[91] Thus, the Court finds that Rule 23(a)'s prerequisite that the representatives will fairly and adequately protect the interests of the class is not satisfied.

Based on the above considerations, the Court finds that it is facially apparent from the pleadings that Plaintiffs' class action allegations are deficient and cannot satisfy the basic requirements to certify a class action. Plaintiffs' second amended complaint fails to plead the minimum facts necessary to support a class action under Rule 23, and the fatal flaws identified *supra* cannot be cured by additional discovery or an evidentiary hearing. In particular, the Court finds that Plaintiffs' overbroad class allegations lacks commonality, typicality, and adequacy of representation, and that Plaintiffs failed to allege facts to support a finding that Rule 23(b)'s requirements for predominance and superiority are satisfied. Any benefit that a class action could have created in this litigation is far outweighed by the significant problems in Plaintiffs' complaint and conduct. Moreover, the Court finds that Plaintiffs failed to comply with Local Rule 23, as their amended complaint does not refer to the portions of Federal Rule of Civil Procedure 23 "under which it is claimed that the suit is properly maintainable as a class action." Therefore, the Court will grant SHIP's motion and, pursuant to Rule 23(d)(1)(D), order Plaintiffs to amend the class allegations out of their complaint.

---

[90] *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir. 1981).

[91] *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 626 (5th Cir. 1999).

### C.       *Plaintiffs' Pending Motions*

Finally, the Court notes that Plaintiffs' precautionary "Motion to Certify Class" and Plaintiffs' subsequent "Motion to Withdraw Motion to Certify Class and All Claims Related to the Proposed Class Action" remain pending.[92] However, because the Court finds that the class allegations must be stricken from the Plaintiffs' complaint, the Court will deny both motions as moot.

## IV. Conclusion

Based on the foregoing, the Court finds that it is facially apparent from the pleadings that Plaintiffs' class action allegations are deficient under Rule 23(a) and Rule 23(b). Plaintiffs' second amended complaint fails to plead the minimum facts necessary to support a class action under Rule 23, and the fatal flaws in Plaintiffs' complaint cannot be cured by additional discovery or an evidentiary hearing. In particular, the Court finds that Plaintiffs' overbroad class allegations lacks commonality, typicality, and adequacy of representation, and that Plaintiffs failed to allege facts to support a finding that Rule 23(b)'s requirements for predominance and superiority are satisfied. Moreover, the Court finds that Plaintiffs failed to comply with Local Rule 23, as their amended complaint does not refer to the portions of Federal Rule of Civil Procedure 23 "under which it is claimed that the suit is properly maintainable as a class action." Accordingly,

**IT IS HEREBY ORDERED** that the Defendant SHIP's "Motion to Strike Class Allegations"[93] is **GRANTED**.

---

[92] Rec. Docs. 32, 134.

[93] Rec. Doc. 54.

**IT IS FURTHER ORDERED** that Plaintiffs must amend their complaint to eliminate their class allegations by April 12, 2017.

**IT IS FURTHER ORDERED** that Plaintiffs' precautionary "Motion to Certify Class"[94] and Plaintiffs' subsequent "Motion to Withdraw Motion to Certify Class and All Claims Related to the Proposed Class Action"[95] are **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this __20th__ day of March, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[94] Rec. Doc. 32.

[95] Rec. Doc. 134.